NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES MARTIN IBARRA LOMELI, | No. 20-70705 |
| Petitioner, | Agency No. A201-059-327 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2024[**]
Pasadena, California

Before: CALLAHAN and BENNETT, Circuit Judges, and KATZMANN,[***]
Judge.

Petitioner Ibarra Lomeli ("Petitioner"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeal's ("BIA") determination

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

that he is statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(A) because he failed to establish the requisite 10-year period of continuous physical presence.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We deny the petition.

The BIA's legal conclusions are reviewed de novo, and its factual findings are reviewed for substantial evidence.  *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)).  Where, as here, the BIA cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), and does not express any disagreement with the Immigration Judge's ("IJ") decision, we review the IJ's decision as well as the BIA's ruling.  *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

The applicant for relief from removal bears the burden of proving eligibility for the relief.  8 U.S.C. § 1229a(c)(4)(A)(i).  Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (reiterating that "a reviewing court must accept 'administrative findings' as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary'" (quoting 8 U.S.C. § 1252(b)(4)(B)).

Petitioner asserts that the BIA abused its discretion by failing to consider the documentary evidence he provided showing that he resided in the United States in 2001 and 2002. He also argues that the BIA erred in making an adverse credibility finding because "any inconsistent statements made by the witnesses were minor and did not reach the heart of the issue and [the BIA] erroneously mischaracterized Petitioner's testimony."

Neither contention is persuasive. The BIA considered all the proffered documentary evidence, but the rent receipts were not original, no address was listed on the receipts, and Petitioner "failed to provide detailed testimony about who wrote the receipt, the address it was for, and when the receipt was actually prepared." The IJ further noted that the testimony between Petitioner and his wife was confusing; they differed on the amount of the rent and whether they had had a roommate in 2001 and 2002. Petitioner did not present any medical records, utility bills, DMV records, or bank accounts for 2001 and 2002. Petitioner has not shown that the agency failed to consider proffered evidence.

The agency also determined that Petitioner and his wife were not credible when testifying about their residency from 2001 to 2002. His wife made inconsistent statements as to where they lived and where she worked as a babysitter. In addition, they disagreed on why his wife returned to Mexico in 2002 and whether Petitioner first saw his daughter, who was born in Mexico in 2002, in

2002 or 2004.

Finally, the agency reasonably discredited the testimony of Petitioner's witness, Jorge Delgado-Chavez, for failing to identify their common employer or to provide details with regard to their arrangements.

The record adequately supports the agency's adverse credibility determinations.

The petition is **DENIED**.